# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS**,

      Plaintiff,

    v.

**RUTHERFORD COUNTY, TENNESSEE**; **MICHAEL FITZHUGH**, *in his official capacity as Rutherford County Sheriff*; **KEITH D. LOWERY**, *in his official capacity as Deputy Chief of Rutherford County Sheriff's Office*; **RUTHERFORD COUNTY ADULT DETENTION CENTER**; and **CHRISTOPHER FLY**, *in his official capacity as Deputy Chief of Rutherford County Adult Detention Center*,

      Defendants,

**VENDENGINE, INC.**,

      Intervenor.

CIVIL ACTION NO. 3:19-cv-00714

**District Judge Richardson**
**Magistrate Judge Frensley**

**JURY TRIAL DEMANDED**

## PROTECTIVE ORDER

The parties to this Protective Order have agreed to the terms of this Order. Accordingly, it is ORDERED:

1.    **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial

proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation.** A party may designate documents that it produces as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" (hereinafter referred to as "ATTORNEYS EYES ONLY") or CONFIDENTIAL – ATTORNEYS EYES ONLY– SOURCE CODE (hereinafter referred to as "SOURCE CODE") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents.

When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are

2

produced for inspection CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE
even though the original documents being produced have not themselves been so labeled. All
information learned in the course of such an inspection shall be protected in accordance with the
stipulated designation. The copies of documents that are selected for copying during such an
inspection shall be marked CONFIDENTIAL,  ATTORNEYS EYES ONLY, or SOURCE
CODE as required under this Order and thereafter the copies shall be subject to protection under
this Order in accordance with their designation. The designation of documents for protection
under this Order does not mean that the document has any status or protection by statute or
otherwise except to the extent and for the purposes of this Order.

3.      **Documents Which May be Designated CONFIDENTIAL.**  Any party may designate
documents as CONFIDENTIAL upon making a good faith determination that the documents
contain information protected from disclosure by statute or that should be protected from
disclosure as confidential business or personal information, medical or psychiatric information,
trade secrets, personnel records, or such other sensitive commercial information that is not
publicly available. Public records and documents that are publicly available may not be
designated for protection under this Order.

4.      **Documents Which May be Designated ATTORNEYS EYES ONLY.**  Any party may
designate documents as ATTORNEYS EYES ONLY upon making a good faith determination
that the documents contain information protected from disclosure by statute or that should be
protected from disclosure as trade secrets or other highly sensitive business or personal
information, the disclosure of which is likely to cause significant harm to an individual or to the
business or competitive position of the designating party.

3

**5.** **Documents Which May be Designated SOURCE CODE.** Any party may designate documents as SOURCE CODE upon making a good faith determination that the documents contain human-readable programming language that defines software or firmware and should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

**6.** **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. Alternatively, a designating party may specify, at the deposition or up to fourteen (14) days afterwards if that period is properly invoked, that the entire transcript shall be treated as CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE. Transcripts containing CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE shall have an obvious legend on the title page that the transcript contains CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE and the level of protection being asserted by the designating party. The designating party shall inform the court reporter of these requirements.

4845-7658-3857.1

7.      **Protection of Confidential Material**.

**(a) Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1)     Outside Counsel of Record. Outside counsel of record for the parties and employees of counsel who have responsibility for the preparation and trial of the action.

(2)     Parties. Not more than two (2) representatives of the receiving party who are officers or employees of the receiving party or its corporate parents, subsidiaries, and subsidiaries of parents, who may be, but need not be, in-house counsel for the receiving party, as well as their immediate paralegals and staff, and who are either responsible for making decisions dealing directly with the litigation in these actions or who is assisting outside counsel in preparation for proceeding in these actions.

(3)     The Court. The Court and its personnel, a court appointed mediator, and the jury.

(4)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions.

4845-7658-3857.1

(5)   <u>Persons Creating or Receiving Documents</u>. Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

(6)   <u>Experts</u>. Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only if (a) such person is not a current employee of a party or of a party's competitor, (b) at the time of retention, such person is not anticipated to become an employee of a party or of a party's competitor, (c) disclosure to such person is reasonably necessary for this litigation, (d) after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and (e) after the procedures set forth in paragraph 6(c) below, have been followed.

(7)   <u>Others by Consent</u>. Other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(b) Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

6

(1)    Outside Counsel of Record. Outside counsel of record for the parties and employees of counsel who have responsibility for the preparation and trial of the action.

(2)    In-House Counsel for Parties. Not more than one (1) in-house counsel for the receiving party, as well as their immediate paralegals and staff, and who are either responsible for making decisions dealing directly with the litigation in these actions or who is assisting outside counsel in preparation for proceeding in these actions.

(3)    The Court. The Court and its personnel, a court appointed mediator, and the jury.

(4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions.

(5)    Persons Creating or Receiving Documents. Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document, but only at a deposition, hearing or trial.

(6)    Experts. Experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only if (a) such person is not a current employee of a party or of a party's competitor, (b) at the time of retention, such person is not anticipated to become an employee of a party or of a party's competitor, (c) disclosure to such person is reasonably necessary for this litigation; (d) after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and (e) after the procedures set forth in paragraph 6(c) below, have been followed.

7

(7)   <u>Others by Consent</u>. Other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Protection of Documents Designated SOURCE CODE.** Documents designated SOURCE CODE under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated SOURCE CODE to any person or entity except as set forth in subparagraphs (1), (3)-(7) of § 7(b) regarding documents designated ATTORNEYS EYES ONLY.

(1)   Documents designated SOURCE CODE shall be produced in accordance with the provisions of this paragraph in its native electronic form and shall not be intermixed on a media used for production with information not subject to the same designation.

(2)   Information designated SOURCE CODE may not be copied or stored except as expressly permitted herein.

(3)   A party producing SOURCE CODE information shall load the source code on a password-protected hard-drive or other physical storage medium ("the secure storage"), which shall be provided to Counsel for the disclosing party. The password for accessing the secure storage shall be provided to counsel for the receiving party.

(4)   A receiving party shall identify any programs or tools that the receiving party believes are necessary for viewing and searching the SOURCE CODE

8

information. The receiving party shall not use any such programs or tools until receipt of written agreement by the Producing Party within seven (7) days of receipt of the request. The Producing Party shall not unreasonably withhold its agreement. In no event shall the receiving party use any compiler, interpreter, or simulator in connection with the disclosing party's SOURCE CODE information or any tool to run, execute, or debug the disclosing party's SOURCE CODE information. If the parties are unable to agree on the use of any program or tool, the Parties shall meet-and-confer in good faith. If agreement cannot be reached, the receiving party shall present the dispute to the Court in accordance with the applicable Local Rule or Court procedure, within seven (7) days of the meet and confer required under this paragraph.

(5)     The receiving party's counsel of record and permitted recipients identified herein shall be entitled to take notes relating to the source code but may not copy the source code into such notes. Information contained in any such notes may only be disclosed to those classes of individuals permitted to see information designated SOURCE CODE.

(6)     If the receiving party believes that information designated SOURCE CODE must be employed as exhibits at depositions or included in briefs or as exhibits (exclusive of trial exhibits) or other submissions to the court, the receiving party may print and/or include only those excerpts of such information that it believes are reasonably necessary for the purpose such excerpts are used. The parties shall meet and confer in good faith regarding such inclusion of such disclosure of

9

SOURCE CODE in any submission to the Court if such information would

exceed 5 pages per filing.

For the avoidance of doubt, a receiving party may not disclose or use another party's

CONFIDENTIAL, or ATTORNEYS EYES ONLY, or SOURCE CODE information in any

other proceeding (including another state or federal lawsuit or administrative proceeding)

without the express consent of the disclosing party.

For further avoidance of doubt, in connection with this matter only, CONFIDENTIAL,

ATTORNEYS EYES ONLY, or SOURCE CODE information may be shared between and

accessed by Counsel for Defendants, Counsel for Intervenor, and any representatives of either

the Defendants or Intervenor that would have been permitted to access such information if it had

been produced to that party directly.

    **(d) Disclosure to Experts.** A receiving party shall not disclose or permit the disclosure
of any documents designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or
SOURCE CODE to any Expert unless otherwise ordered by the court or agreed to
in writing by the designating party or as set forth below:

(1)    A party that seeks to disclose to an Expert any information or item that has been
designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE
must first make a written request to the designating party that (1) sets forth the
full name of the Expert and the city and state of his or her primary residence, (2)
attaches a copy of the Expert's current resume, (3) identifies the Expert's current
employer(s) and employers over the last five years, (4) identifies (by name and
number of the case, filing date, and location of court) any litigation in connection
with which the Expert has offered expert testimony, including through a

10

declaration, report, or testimony at a deposition or trial, during the preceding five

years, and (5) identifies any patents or patent applications in which the Expert is

identified as an inventor or applicant, is involved in prosecuting or maintaining, or

has any pecuniary interest (if the patents or patent applications are not publicly

available, the Expert must provide a description of the field of technology they

relate to).

(2) A party that makes a request and provides the information specified in the

preceding respective paragraphs may disclose the subject CONFIDENTIAL,

ATTORNEYS EYES ONLY, or SOURCE CODE documents to the identified

Expert unless, within five (5) days of delivering the request, the party receives a

written objection from the designating party. Any such objection must set forth in

detail the grounds on which it is based.

(3) A party that receives a timely written objection must meet and confer with the

designating party (through direct voice-to-voice dialogue) to try to resolve the

matter by agreement within seven days of the written objection.

(4) If no agreement is reached, the party objecting to the disclosure to the identified

Expert may seek an order from the court to prevent such disclosure. Any such

motion must describe the circumstances with specificity, set forth in detail the

basis of the objection and the risk of harm that the disclosure would entail. In

addition, any such motion must be accompanied by a competent declaration

describing the parties' efforts to resolve the matter by agreement (i.e., the extent

and the content of the meet-and-confer discussions) and setting forth the reasons

advanced by the designating party for its refusal to approve the disclosure. Any

such motion must be filed within seven (7) business days after the meet and confer provided for by section 6(c)(3), or the objections will be deemed withdrawn and the receiving party may disclose CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE documents to the expert.

**(e) Disclosure to Professional Vendors**.  To the extent necessary to prepare for a hearing or trial, professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), may access CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE documents after completion of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(f) Mock Jurors.**  Mock jurors hired by trial consultants in connection with this litigation may only be told about or shown CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE documents provided: (1) they are not affiliated with any party to this case or their direct competition. To determine whether a juror is affiliated with a direct competitor of a certain Defendant, each juror will be asked in a juror questionnaire whether they are affiliated with a direct competitor of the relevant Defendants; (2) they do not work in the areas of postal-mail-elimination or inmate postal mail technology; (3) they agree in writing to be bound by confidentiality; and (4) they are not themselves given custody of any documents, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

(g) **Control of Documents.** Outside Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order.

(h) **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

(i) **Inadvertent Production.** An inadvertent failure to designate documents under this Order does not waive the designating party's right to secure protection under this Order for such documents. Upon discovery of an inadvertent failure to designate, the designating party shall give prompt notice to the receiving party and correct the designation. Upon receiving such notice, the receiving party must make reasonable efforts to assure that the documents are treated in accordance with the provisions of this Order.

(j)        **Unauthorized Disclosure Of Material**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed documents designated for protection under this Order to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

4845-7658-3857.1

and (d) request such person or persons to return or destroy such documents and to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**(k) No Waiver of Privilege.** Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity in this or any other state, federal, or international proceeding. After any party becomes aware of any such disclosure, the designating party may designate any such documents as within the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, and may request in writing return of such documents to the designating party. Upon request by the designating party, the receiving party shall immediately retrieve, return, and destroy (as appropriate) all copies of such document(s). The receiving party shall not use such information for any purpose until further order of the Court. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege or immunity designation by submitting a written challenge to the Court; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any documents, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

7. <u>**Prosecution Bar.**</u>

Absent written consent from the party producing the documents, any individual representing or affiliated with any party who reviews SOURCE CODE information related to

postal-mail-elimination technology shall not be involved in the prosecution of patents or patent applications relating to the patent family of any asserted patent, including any patents or patent applications that claim priority to any patents or patent applications that are related to any asserted patent, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, or advising others who are drafting or amending patent claims, including such activity as part of original prosecution, reissue, reexamination proceedings, and post-grant proceedings, but does not prevent counsel for parties in this case from otherwise representing such party in any post-grant proceedings by participating in other activities not involving amendment of the claims. Further, "prosecution" as used in this paragraph does not include representing a party challenging a patent in post-grant or other proceedings before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or post-grant review). This Prosecution Bar shall begin when access to SOURCE CODE information is first received by the affected individual and shall end one (1) year after final termination of this action.

8. **Filing of CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE Documents Under Seal.**

To the extent permitted by the Rules of the Court, Counsel for the party seeking to file to CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE information shall make all efforts to file sure information under seal.

4845-7658-3857.1

**9.**     **Challenges by a Party to a Designation for Protection Under this Order.**

Any CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE designation is subject to challenge by any party or non-party with standing to object. Such parties do not waive their right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good-faith effort to resolve the objection by agreement. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated documents, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If agreement is reached confirming or waiving the CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If no agreement is reached as to the challenged confidentiality designation, then the proponent of the designation being challenged shall present the dispute to the Court in accordance with the applicable Local Rule or Court procedure, within seven (7) days of the meet and confer required under this paragraph. The document or information that is subject of the disputed confidentiality designation shall be treated as originally designated pending resolution of the dispute.

4845-7658-3857.1

10. **Action by the Court**.

Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**.

Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least seven (7) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) or at such other time as identified in the final pretrial order. Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial including sealing such documents and portions of trial or hearings referring to them.

12. **Material Subpoenaed, Requested, or Ordered Produced in Other Litigation.**

If a party is served with a subpoena, public records request, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE, that party must: (a)

17

promptly notify the designating party in writing; (b) promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the documents covered by the subpoena, request, or order is subject to this Protective Order (such notification shall include a copy of this Protective Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose documents may be affected.

**13.      A Non-Party's Documents Sought to be Produced in this Litigation.**

(a)      The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY", or "CONFIDENTIAL – ATTORNEYS EYES ONLY– SOURCE CODE". Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

**14.      Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of Documents Designated for Protection Under this Order.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order and such documents bearing the notations, summations, or other mental impressions of the receiving party, shall be returned to the designating party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2)  the receiving party elects to destroy the documents and certifies to the designating party that it has done so; or (3) the receiving party is required by law to retain the documents.  Notwithstanding the above requirements to return or destroy documents, outside

4845-7658-3857.1

counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, or CONFIDENTIAL – ATTORNEYS EYES ONLY– SOURCE CODE documents designated for protection under this Order. Outside counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. This provision does not require modification to any backup systems that may be used by persons that have received documents designated for protection under this Order.

15.    **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

16.    **Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the documents covered by this Protective Order.  No party waives any right to move for additional protections when needed.

17.    **No Limitations on Party's Own Documents.**

Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own documents.

19

18.     **Persons Bound.**

This Order shall take effect when entered and shall be binding upon all counsel and their

law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED,** this __21st__ day of ___January___, ___2020___.

January 15, 2020                                  Jeffery S. Frensley
                                                  United States Magistrate Judge

Respectfully submitted                            Respectfully submitted

_/s/ André J. Bahou_                              _/s/Katrina M. Quicker_
André J. Bahou (TN BPR 028621)                    Gregory S. Reynolds (18204)
WALLER LANSDEN DORTCH & DAVIS, LLP                J. David Clark (36761)
511 Union Street, Suite 2700                      Riley Warnock & Jacobson, PLC
Nashville, Tennessee 37219                        1906 West End Avenue
(615) 850-8069                                    Nashville, TN 37203
AJ.Bahou@wallerlaw.com                            Telephone: (615) 320-3700
                                                  Facsimile: (615) 320-3737
*Attorney for Defendants*                         greynolds@rwjplc.com
                                                  dclark@rwjplc.com

_/s/ W. Edward Ramage_
W. Edward Ramage                                  Katrina M. Quicker (*pro hac vice*)
Baker Donelson Bearman, Caldwell &                Jason P. Grier (*pro hac vice*)
Berkowitz PC                                      Baker & Hostetler LLP
211 Commerce Street, Suite 800                    1170 Peachtree Street, NE, Suite 2400
Nashville, TN 37201                               Atlanta, GA 30309-7676
Telephone: (615) 726-5771                         Telephone: (404) 459-0050
Facsimile: (615) 744-5771                         Facsimile: (404) 459-5734
eramage@bakerdonelson.com                         kquicker@bakerlaw.com
                                                  jgrier@bakerlaw.com
*Attorney for Intervenor*
                                                  *Attorneys for Smart Communications IP*

4845-7658-3857.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS**, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:19-cv-00714 |
| **RUTHERFORD COUNTY, TENNESSEE**; **MICHAEL FITZHUGH**, *in his official capacity as Rutherford County Sheriff*; **KEITH D. LOWERY**, *in his official capacity as Deputy Chief of Rutherford County Sheriff's Office*; **RUTHERFORD COUNTY ADULT DETENTION CENTER**; and **CHRISTOPHER FLY**, *in his official capacity as Deputy Chief of Rutherford County Adult Detention Center*, | **District Judge Richardson
Magistrate Judge Frensley**

**JURY TRIAL DEMANDED** |
| Defendants, | |
| **VENDENGINE, INC.**, | |
| Intervenor. | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or SOURCE CODE in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

21

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (Print): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

22

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using the Court's ECF System, and should be served upon the following counsel of record by ECF notice on January 15, 2020.

André J. Bahou (TN BPR 028621)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 850-8069
AJ.Bahou@wallerlaw.com

*Attorney for Defendants*

Edward Ramage
Baker Donelson Bearman, Caldwell & Berkowitz PC
211 Commerce Street, Suite 800
Nashville, TN 37201
T: (615) 726-5771
F: (615) 744-5771
eramage@bakerdonelson.com

*Attorney for Intervenor*

/s/ *Katrina M. Quicker*
Katrina M. Quicker (*pro hac vice*)

4845-7658-3857.1