IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HLFIP HOLDINGS, INC., d/b/a/ SMART COMMUNICATIONS IP HOLDINGS, <br><br> Plaintiff, <br><br> v. <br><br> RUTHERFORD COUNTY, TENNESSEE, et al., <br><br> Defendants. | Case No. 3:19-cv-00714 <br> Judge Richardson/Frensley |

# ORDER

## I. INTRODUCTION

Plaintiff HLFIP Holding, Inc. d/b/a Smart Communications IP Holdings brought this patent infringement action against Rutherford County, Tennessee ("Rutherford County"), Rutherford County Adult Detention Center ("RCADC") and various individual Defendants (collectively, "Defendants"). Docket No. 1. Plaintiff alleges that Defendants have infringed its intellectual property, United States Patent No. 10,291,617 ("the Asserted Patent") through the implementation and use of a "postal-mail-elimination system that is based on and was copied from Smart Communications IP's patented MailGuard® technology." *Id.* at 1-2. VendEngine, Inc. ("VendEngine"), which asserts that it "provides the Defendants with the software, services,

and specific hardware that are central to Plaintiff's allegations of patent infringement" brought a motion to intervene in the case, which was granted. Docket Nos. 24, 35.[1]

This matter is now before the Court upon Plaintiff's "Motion to Strike Defendants' and Intervenor's Inequitable Conduct Defense." Docket No. 278. Plaintiff has also filed a Supporting Memorandum and other supporting documents. Docket Nos. 279, 279-1, 279-2, 279-3. Defendants have filed a Response in Opposition and Plaintiff has filed a Reply. Docket Nos. 286, 289. For the reasons set forth below, Plaintiff's Motion (Docket No. 278) is DENIED.

## II. LAW AND ANALYSIS

### A. Motions to Strike Affirmative Defenses

Motions to Strike are governed by Rule 12, which states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

"Motions to strike are disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Mawdsley v. Kirkland's, Inc.*, 2013 WL 5754947, 2013 U.S. Dist. LEXIS 152262, at *2-3 (M.D. Tenn. Oct. 23, 2013) (citation omitted).

---

[1] For the purposes of this Order, Defendants and VendEngine will be referred to collectively as "Defendants."

2

Case 3:19-cv-00714   Document 351   Filed 03/03/22   Page 2 of 6 PageID #: 11183

This Court has stated that in the Sixth Circuit, the Rule 8 pleading standards do not apply to affirmative defenses. *McLemore v. Regions Bank*, 2010 WL 1010092, 2010 U.S. Dist. LEXIS 25785, at *46-48 (M.D. Tenn. 18, 2010), *citing Pollock v. Marshall*, 845 F.2d 656, 657 (6th Cir. 1988). Nevertheless, an affirmative defense still must provide "fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). A defense is insufficient if, as a matter of law, it cannot succeed under any circumstances or has "no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

## B. The Defense of Inequitable Conduct

Inequitable conduct is a defense to patent infringement that, if proven, renders the patent unenforceable. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), overruled on other grounds by *Standard Oil Co. v. United States*, 429 U.S. 17 (1976); *Precision Instruments Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945). Inequitable conduct requires a finding of both intent to deceive the United States Patent and Trademark Office ("the PTO") and materiality. *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008).

"To plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). "Moreover, although 'knowledge' and 'intent' may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a

3

specific individual (1) knew of the withheld material information . . ., and (2) withheld . . . this information with a specific intent to deceive the PTO." *Id.* at 1328-29.

C.  **Plaintiff's Motion**

Plaintiff contends that Defendants have failed to properly allege materiality; specifically, that they have not pled the who, "what/which," when, where, and why of the alleged inequitable conduct. Docket No. 279, p. 7-16. Further, Plaintiff maintains that Defendants have not pled specific facts from which the Court may infer an intent to deceive the PTO. *Id.* at 16-19. In response, Defendants assert that they have properly pled all the requisite elements of inequitable conduct, including facts from which the Court can infer intent. Docket No. 286. Plaintiff disputes Defendants' assertions. Docket No. 289.

This Court has addressed the issue of whether Defendants may assert the defense of inequitable conduct once before when it granted Defendants' Motion to Amend their affirmative defenses solely for the purpose of adding the inequitable conduct defense. Docket Nos. 200, 250. Plaintiff is correct that the undersigned did not make a definitive assessment of the likelihood of success of the defense, instead exercising the Court's discretion to determine that the defense is at least colorable, while leaving the ultimate decision of its merits to the District Judge. Docket No. 250, p. 8-9. Yet, the Court did find that "[Defendants] make specific allegations as to the 'who, what, where, when, how and why' of the alleged fraud." *Id.* at 9.

Plaintiff moved for review of that Order, and the District Judge addressed Plaintiff's objections. Docket Nos. 271, 321. Among the other issues raised, the District Judge discussed Plaintiff's assertion that the undersigned had not sufficiently evaluated Plaintiff's argument that the proposed defense would be futile, an evaluation that involves an assessment of whether the amendment (in this case, the affirmative defense of inequitable conduct) could withstand a Rule

4

12(b)(6) motion to dismiss. Docket No. 321, p. 32-37.[2] The District Judge specifically addressed arguments very similar to those Plaintiff makes in the instant Motion:

> Plaintiff argues in support of the Motion for review (as it did in opposing the motion to amend in the first instance) that the amendment does not adequately allege "who," "what," "where," "why," and "how," and thus it is futile (Doc. No. 274 at 10-16). Via the Motion for Review, Plaintiff "respectfully objects to the [April Order] as contrary to law for neglecting to analyze an important—indeed potentially dispositive—Rule 15 factor [namely, futility]."
>
> . . .
>
> Despite Plaintiff's arguments to the contrary, the affirmative defense names at least one specific person (Jonathan Logan, the named inventor of the patent) who [Defendants] allege withheld material information relevant to the validity of the patent (Doc. No. 202 at 15; Doc. No. 202-1). This supports the Magistrate Judge's determination that Defendants had sufficiently plead the "who, what, where, when, how and why" to an extent sufficient to satisfy Rule 15 concerns to enable the affirmative defense at least to be presented for a final decision on the merits by the district judge.

*Id.* at 33-37.

As determined by this Court in its prior Order and affirmed by the District Judge in the Order on Plaintiff's Motion for Review, the affirmative defense of inequitable conduct has been pled sufficiently under the applicable Rules and caselaw to be presented for a final decision on the merits by the District Judge. Docket Nos. 250, 321. Nevertheless, in evaluating the instant Motion, the Court has once again reviewed the specifics of the affirmative defense and finds that it includes sufficient allegations of underlying facts from which a court may reasonably infer that

---

[2] The District Judge also provided a discussion of whether affirmative defenses are to be assessed in the same manner as claims in terms of their ability to withstand a motion to dismiss under Rule 12(b)(6). As the District Judge noted, in the Sixth Circuit, the analysis is the same. *See* Docket No. 321, p. 33, n.18.

5

a specific individual (1) knew of the withheld material information and (2) withheld this information with a specific intent to deceive the PTO. *See* Docket No. 202-1, p. 10-21; *Therasense*, 649 F.3d at 1328-29. While Plaintiff is correct that Defendants would need to prove these elements by clear and convincing evidence in order to prevail on the defense of inequitable conduct, that is not the standard at the pleading stage, even under the heightened standard of Rule 9. Further, the Court finds that this is not a case where "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense." *Mawdsley*, 2013 U.S. Dist. LEXIS 152263, at *2-3. And, as previously found and affirmed, the Court does not find that the mere "presence [of the defense] in the pleading throughout the proceeding will be prejudicial to the moving party." *Id.*, *see* Docket Nos. 250, p. 6-7; 321, p. 25-31.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Docket No. 278) is DENIED.

**IT IS SO ORDERED.**

_____
Jeffery S. Frensley
United States Magistrate Judge