IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS, | ) ) ) ) | |
| Plaintiff, | ) ) | NO. 3:19-cv-00714 JUDGE RICHARDSON |
| v. | ) ) | |
| RUTHERFORD COUNTY, TENNESSEE, et al., | ) ) ) | |
| Defendants, and | ) ) | |
| VENDENGINE, INC., | ) ) | |
| Intervenor. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Review of Order of Magistrate Judge (Doc. No 357, "Motion"), filed along with a Memorandum in Support of the Motion (Doc. No. 358). Via the Motion, Plaintiff objects to and requests review of the Magistrate Judge's Order (Docket No. 351, the "Order") denying Plaintiff's Motion to Strike Defendants' and Intervenor's Inequitable Conduct Defense (Doc. No. 278, "Motion to Strike"). Plaintiff argues that the Magistrate Judge's Order "exceeds that granted to the Magistrate Judge under 28 U.S.C. § 636" because the Order "purports to render a decision on a Motion having material equivalence to a motion to dismiss for failure to state a claim upon which relief can be granted." (Doc. No. 357 at 1). Plaintiff then goes on to challenge the Order's substantive holding regarding Defendants' and Intervenor's inequitable conduct defense. (*Id*. at 2).

The time for Defendants and Intervenor to respond to the Motion has not yet elapsed, but the Court issues this Order partially resolving the Motion now so that the parties will know to focus their forthcoming briefing on Plaintiff's arguments relating to the substantive issues implicated by the Magistrate Judge's Order (rather than Plaintiff's challenge to the Magistrate Judge's authority to issue the Order, which the Court can dispel at this time without further ado).

## DISCUSSION

28 U.S.C. § 636(b)(1)(A) gives district judges the authority to designate a magistrate judge to hear and determine "any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." Plaintiff focuses specifically on this statute's prohibition on referring a motion to dismiss for failure to state a claim upon which relief can be granted (a motion under Fed. R. Civ. P. 12(b)(6)) for disposition by a magistrate judge. Notably, 28 U.S.C. § 636(b)(1)(A) does *not* prohibit a magistrate judge from ruling on a motion to strike under Fed. R. Civ. P. 12(f). Nor does 28 U.S.C. § 636(b)(1)(A) prohibit a magistrate judge from ruling on any motions that employ the same or a similar standard as a 12(b)(6) motion. Thus, a plain reading of 28 U.S.C. § 636(b)(1)(A) is enough to dispel the notion that the Magistrate Judge did not have the authority to rule on Plaintiff's Motion to Strike—a motion that Plaintiff states (in the motion itself) is brought pursuant to Rule 12(f), not Rule 12(b)(6). (Doc. No. 278 at 1).

Plaintiffs emphasize the similarities between motions brought pursuant to Rule 12(f) and motions brought under Rule 12(b)(6) as grounds for finding that the Magistrate Judge exceeded his statutory authority in issuing the Order on the Motion to Strike, arguing that a motion to strike

is "equivalent to and must be treated the same as a motion to dismiss for failure to state a claim upon which relief can be granted." (Doc. No. 358 at 3). While it is true that, as the Court stated in a prior order in this case, "a motion to strike *can* essentially take the form of a motion asserting, reminiscent of Rule 12(b)(6), the failure of an affirmative defense to state a claim upon which [defensive] relief can be granted" (Doc. No. 321 at 33 n. 18 (emphasis added)), that does *not* mean that the two types of motions are one and the same.

In *ZMCC Properties, L.L.C. v. Primeone Ins. Co.*, No. 19-12428, 2019 WL 11648517, at *1 (E.D. Mich. Dec. 19, 2019), the court made particularly clear that "[a] Rule 12(f) motion is not a motion to dismiss under 12(b)(6)." The differences between the two types of motions correctly identified by the *ZMCC Properties* opinion include that: 1) "Rule 12(b)(6) is used against a claim for relief" where the pleading "must include a short and plain statement of the claim showing that the pleader is entitled to relief. By contrast, when addressing affirmative defenses, the Federal Rules provide that the defense must be affirmatively state[d]."; 2) a central motivation of Rule 12(b)(6) is to prevent plaintiffs from "unlock[ing] the doors of discovery . . . armed with nothing more than conclusions" whereas a motion to strike "does not advance this goal to the same degree as a 12(b)(6) motion"; and 3) a 12(b)(6) motion "serves to prevent any litigation on all aspects of a claim[,]" which is "especially significant when the costs of initiating a lawsuit could be substantial," unlike motions to strike, which "[a]lthough they have the potential to expand discovery . . . are made against suits that already exist and in disputes that are already being activity litigated." *Id*. at *2 (internal quotation marks and citations omitted).

Thus, the Court cannot agree that, as Plaintiffs argue, the Motion to Strike is a "de facto motion to dismiss for failure to state a claim upon which relief may be granted" that would exceed

the limitations on a magistrate judge's authority set forth in 28 U.S.C. § 636(b)(1)(A). (Doc. No. 358 at 4).

Plaintiffs' citation to *Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036 (W.D. Tenn. 2011) is also misplaced. Plaintiffs contend that *Starnes* stands for the proposition that a Rule 12(f) motion to strike an affirmative defense "is treated just like a Rule 12(b)(6)." (Doc. No. 358 at 3). The Court understands how Plaintiffs might genuinely have concluded that this contention is valid. But in fact it is not, as closer inspection of *Starnes* reveals. In *Starnes*, the defendant pleaded *affirmative defenses* of (among others) fraud, breach of contract, and breach of fiduciary duty; he also pleaded fraud, breach of contract, and breach of fiduciary duty as *counterclaims*. 765 F. Supp. 2d at 1048. The court then noted:

> [The defendant] does not distinguish between his arguments that fraud, breach of contract, and breach of fiduciary duty constitute affirmative defenses to his liability to SFO and his arguments that they constitute counterclaims against SFO. Therefore, Court will analyze the arguments together. In doing so, however, the Court applies the motion-to-strike standard to the affirmative defenses and the motion-to-dismiss standard to the counterclaims.

*Id*. Therefore, to say the least, *Starnes* does *not* stand for the proposition that a motion to strike affirmative defenses should be subjected to the motion-to-dismiss standard; quite the opposite.

*Starnes* then went on to distinguish a Rule 12(f) motion to strike from a Rule 12(b)(6) motion to dismiss. The court took care to emphasize, and cite multiple cases in support of the notion, that "district courts have discretion in determining whether to grant a motion to strike." *Id*. at 1047. The court went on to quote the statutory language of Rule 12(f), which states that a court "*may* strike from a pleading an insufficient defense" (Fed. R. Civ. P. 12(f) (emphasis added)), and to cite cases indicating when it is appropriate for the court to exercise such discretion. *Id*. at 1059. In contrast, a district court's ruling on a Rule 12(b)(6) motion is *not* discretionary and is reviewed

*de novo*. *See Mohlman v. Fin. Indus. Regul. Auth.,* 977 F.3d 556, 558 (6th Cir. 2020) ("Typically, we review de novo the dismissal of a complaint under . . . Rule 12(b)(6).") (citing *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018); *Nelson v. Miller*, 170 F.3d 641, 649 (6th Cir. 1999)). Thus, *Starnes* does not indicate that the Court is constrained to view Plaintiff's Motion to Strike as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.

Indeed, despite the lack of case law speaking directly on this issue,[1] magistrate judges in this district routinely rule on Rule 12(f) motions to strike an affirmative defense without consent by the parties to do so (and in the form of an order rather than as proposed findings and recommendations, as discussed further below). *See, e.g.*, *Cahoon v. Premise Health Holding Corp.*, No. 3:21-CV-00235, 2021 WL 6496800, (M.D. Tenn. Sept. 15, 2021); *Griffin v. Medtronic, Inc.*, No. 3:18-CV-00069, 2018 WL 6171421 (M.D. Tenn. Nov. 26, 2018); *Sawyers v. Atlas Logistics, Inc.*, No. 3:20-CV-00393, 2020 WL 12947975 (M.D. Tenn. Sept. 9, 2020); *F.D.I.C. v. Myers*, No. 3:12-1241, 2014 WL 4851682 (M.D. Tenn. Sept. 29, 2014); *Kelly v. Hobby Lobby Stores, Inc.*, No. 3:21-CV-00167, 2021 WL 6499977 (M.D. Tenn. Apr. 28, 2021); *Lighthill v. McDaniel*, No. 3:17-CV-0363, 2017 WL 2536915; *Vision Real Est. Inv. Corp. v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:18-CV-00014, 2020 WL 58620 (M.D. Tenn. Jan. 6, 2020).

Plaintiffs also incorrectly assert that the Order was improper because (according to Plaintiffs), "[the undersigned] district judge also has not designated the magistrate judge to decide

---

[1] *See Sawyers v. Atlas Logistics, Inc.*, No. 3:20-CV-00393, 2020 WL 12947975, at *1 (M.D. Tenn. Sept. 9, 2020) ("As a preliminary matter, the Court notes that there is a lack of consensus as to whether a motion to strike is a non-dispositive matter that may be determined by a magistrate judge or a dispositive matter that must be addressed by a report and recommendation of the magistrate judge to the district judge. *See Barmore v. County Fair, Inc.*, No. 03-cv-888A, 2001 WL 976420, at *1 n.1 (motions to strike not dispositive) (citations omitted); *Herrera v. Mich. Dep't of Corrs.*, No. 5:10-cv-11215, 2011 WL 3862426, at *1 n.1 (motion to strike dispositive) (citations omitted).").

the Motion" and because "the Order was not in the form of proposed findings of fact and recommendations for the disposition of the Motion." (Doc. No. 358 at 4). The Court issued a referral order in this matter stating that this case was "referred to the Magistrate Judge for customized case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A)." (Doc. No. 7). Local Rule 16.01(i) states that the magistrate judge "will rule on all matters not specifically excepted from the coverage of 28 U.S.C. § 636(b)(1)(A)." As discussed above, the Motion to Strike was one upon which the Magistrate Judge could rule as a *non-dispositive* matter under Rule 12(f), rather than a motion to dismiss for failure to state a claim upon which relief can be granted. Thus, it was within the scope of, and not excepted from, the coverage of 28 U.S.C. § 636(b)(1)(A).It was therefore not necessary for the Magistrate Judge's Order to take the form of proposed findings and recommendations rather than an order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **DENIED** in part, to the extent that Plaintiffs assert that the Magistrate Judge did not have the statutory authority to issue the Order subject to the Motion for Review (Section II.A of the Motion). The Court defers determination on the substantive issues raised in the Motion (that is, Sections II.B and II.C of the Motion) until the parties have competed briefing on the Motion.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE